IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TYLER TREVATHAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 11-CV-0946-MJR |
| ) | |
| URS ENERGY & CONSTRUCTION, INC., ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM IN SUPPORT OF
THE COURT'S BARRING INTRODUCTION OF THE
OLMSTED LOCK AND DAM CONSTRUCTION CONTRACT

REAGAN, District Judge:

In Plaintiff's motion *in limine*, he sought to bar Defendant from presenting evidence that Defendant's construction contract for the Olmsted Lock and Dam would expire in 2014. Plaintiff submitted that Defendant failed and refused to produce a copy of the contract in response to his January 27, 2012, Rule 34 request. The Court denied Plaintiff's motion *in limine* on November 16, 2012 (Doc. 77).

During the course of the trial and, more particularly, at the jury instruction conference held on November 27, 2012, after additional information and argument by the parties, the Court reconsiders its ruling to the extent that the Court has concluded that Defendant may not introduce evidence based on the construction contract at issue.

Under the Scheduling Order entered by Magistrate Judge Donald G. Wilkerson on November 23, 2011, the parties were required to make Rule 26(a) disclosures by December 14, 2011 (Doc. 12). Initial interrogatories and requests to produce, pursuant to Federal Rules of Civil Procedure 33 and 34, were to be served on

1

opposing parties by January 20, 2012. The discovery deadline was set for July 2, 2012.

The Seventh Circuit Court of Appeals has stated that "[t]he determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003), *citing Mid-America Tablewares, Inc. v. Mogi Trading Co., Ltd.*,100 F.3d 1353, 1363 (7th Cir. 1996); *see also Salgado v. General Motors Corp.*, 150 F.3d 735, 739 (7th Cir. 1998) (stating that a district court's ruling on a motion to exclude testimony for noncompliance with Rule 26(a) is reviewed for an abuse of discretion and "[u]nder this standard, we shall affirm the judgment of the district court whenever we believe that the district court chose an option that was among those from which we might expect a district court reasonably to choose"). "A district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose." *Id., citing Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999). "[T]he following factors should guide the district court's discretion: (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *Id.* (citations omitted).

Federal Rule of Civil Procedure 26(a)(1)(A)(ii) and (iii) require disclosure to a party's opponent of

> **(ii)** a copy - or a description by category and location - of all documents, electronically stored information, and tangible things that the disclosing

party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

**(iii)** a computation of each category of damages claimed by the disclosing party - who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered;….

**Rule 37(c)(1)** provides, "If a party fails to provide information … as required by Rule 26(a) or (e), the party is not allowed to use that information … to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." "This sanction is 'automatic and mandatory' unless the offending party can establish 'that its violation of Rule 26(a)(2) was either justified or harmless.'" *Ciomber v. Cooperative Plus, Inc.*, **527 F.3d 635, 641 (7th Cir. 2008) (citation omitted);** *Finley v. Marathon Oil Co.*, **75 F.3d 1225, 1230 (7th Cir. 1996).** "Compliance with Rule 26, in particular with the requirement of total disclosure, is emphasized in the Advisory Committee comments." *Salgado by Salgado v. General Motors Corp.*, **150 F.3d 735, 742 (7th Cir. 1998).** The "incentive for total disclosure" is the threat that the information not disclosed in accordance with the Rule can be excluded pursuant to Rule 37(c)(1). *Id*. "The availability of this sanction 'put[s] teeth into the rule.'" *Id., citing* **Richard M. Heimann & Rhonda L. Woo,** *Import of Amended Federal Rule of Civil Procedure 26(a)*, **506 PLI/Lit 279, 293 (July-Aug. 1994).**

Defendant's failure or refusal to provide a copy of the construction contract violated Rule 26(a). The Court finds that the failure was neither

3

substantially justified nor harmless.  So, under Rule 37(c)(1), Defendant cannot introduce evidence based on the contract at trial.

For the above-stated reasons and for the reasons set forth on the record on November 27, 2012, the introduction at trial of the Olmsted Lock and Dam construction contract is **BARRED**.

IT IS SO ORDERED

DATED:  November 28, 2012


                                                                         s/Michael J. Reagan
                                                                         MICHAEL J. REAGAN
                                                                          United States District Judge